Filed 8/24/22  Hennard v. Asian Pacific Health Care Venture CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| MAX HENNARD,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>ASIAN PACIFIC HEALTH CARE VENTURE, INC.,<br><br>  Defendant and Respondent. | 2d Civil No. B312604<br>(Super. Ct. No. 20CV00470)<br>(Santa Barbara County) |

Max Hennard appeals from the judgment of dismissal entered after the trial court sustained a demurrer to his third amended complaint without granting leave to amend.  Hennard contends the court erred when it determined that his causes of action against Asian Pacific Health Care Venture, Inc. (APHCV), are barred by the statute of limitations.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In March 2017, Hennard and Dana Cook were parties to a family law proceeding.  During a hearing held that month, Hennard said that he had recently become "aware of a screen

shot [*sic*] that had been printed out of his [APHCV] medical record[s]." At a hearing the following month, Hennard said that he had received a letter from APHCV describing its investigation into the access of his medical records. The letter also stated that Cook had visited an APHCV employee a few months earlier and used her computer. At that same hearing Cook revealed information about Hennard's medical history over his objection.

Hennard sued APHCV in January 2020, alleging that it permitted Cook to access his medical records without authorization. He amended his complaint several times over the following months. The trial court sustained APHCV's demurrer to Hennard's second amended complaint, finding that the causes of action therein were barred by the one-year statute of limitations set forth in Code of Civil Procedure[1] section 340.5. The court granted Hennard leave to amend, inviting him to allege facts addressing the statute-of-limitations issue.

Hennard filed a third amended complaint a few weeks later. In it, Hennard alleged that he did not learn that it was Cook who had taken the screenshot of his medical records until APHCV gave him a copy of its final investigative report in December 2019.

APHCV again demurred. The trial court concluded that Hennard knew of the facts underlying the causes of action in his complaint no later than April 2017 and was thus required to file his complaint by April 2018. Because he did not sue APHCV until January 2020, his causes of action were barred by the statute of limitations. The court accordingly sustained APHCV's demurrer, this time without granting leave to amend.

---

[1] Statutory references are to the Code of Civil Procedure.

DISCUSSION

Hennard contends section 340.5's one-year statute of limitations does not bar his causes of action against APHCV because he discovered the factual basis for those actions in December 2019—rather than in April 2017, as the trial court found—and filed his complaint one month later. We disagree.

"Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.'" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806 (*Fox*).) "An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Id.* at p. 807.) "A plaintiff has reason to discover a cause of action when [they] '[have] reason at least to suspect a factual basis for its . . . 'generic' elements of wrongdoing, causation, and harm." (*Ibid.*) The plaintiff's "'failure to discover . . . the identity of the defendant does not postpone the accrual of a cause of action.'" (*Ibid.*)

We review for substantial evidence the trial court's finding that Hennard either discovered or had reason to discover the factual basis for his causes of action against APHCV in April 2017. (*People v. Zamora* (1976) 18 Cal.3d 538, 565.) When undertaking this review, we ensure that the evidence supporting the court's finding is reasonable, credible, and of solid value, but do not reweigh evidence, resolve conflicts therein, or reappraise witness credibility. (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266.) Instead, we view the evidence "'in the light most favorable to [APHCV], giving it the benefit of every reasonable inference, and resolving conflicts in support of the [trial court's] findings.'" (*Ibid.*) "'The ultimate test

3

is whether it is reasonable for a trier of fact to make the [finding] in question in light of the whole record.'" (*Ibid.*)

Substantial evidence supports the trial court's finding that in April 2017 Hennard either discovered or had reason to discover a factual basis for his causes of action against APHCV. It is uncontested that in March 2017 Hennard learned that someone had accessed his medical records. It is uncontested that in April 2017 Hennard learned that APHCV's investigation revealed that Cook had used an APHCV employee's computer. And it is uncontested that in April 2017 Cook revealed information from Hennard's medical history.

Considered together, this information would give a reasonable person reason to suspect that someone had accessed Hennard's medical records without authorization. At the very least, Hennard's knowledge of these facts required him to "conduct a reasonable investigation" into whether there had been such access. (*Fox*, *supra*, 35 Cal.4th at p. 808.) That Hennard did not learn that it was likely Cook who accessed the records until December 2019 is not relevant to the accrual of the statute of limitations. (*Id.* at p. 807.)

Hennard also argues, without analysis, that the three-year statute of limitations set forth in section 338, subdivision (a), applies here. We need not consider such a conclusory argument. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.) We would reject it in any event: Noneconomic claims based on a healthcare provider's negligent acts or omissions, like Hennard's, fall under the definition of "professional negligence" set forth in section 340.5, subdivision (2), and are thus subject to that section's limitations periods.

4

## DISPOSITION

The judgment is affirmed.  Asian Pacific Health Care Venture, Inc., shall recover its costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

Max Hennard, in pro. per., for Plaintiff and Appellant.

Law + Brandmeyer, Kent T. Brandmeyer and Jacob S. Rosenberg for Defendant and Respondent.